Per Curiam.

Plaintiff, crossing University Avenue from west to east along the southerly crosswalk of the intersection of West 176th Street, was struck by defendant’s automobile making a right turn from the west on 176th Street to the south on University Avenue. Both pedestrian and. automobile were proceeding on a green light. Defendant testified that he did not see plaintiff until about the time of contact. Defendant claimed that plaintiff was crossing from east to west. We assume the point of that contention is that if plaintiff were facing the direction from which defendant’s car was coming he should have seen the approaching car, whereas if he was crossing from west to east the car came upon him from behind. It is quite- clear from plaintiff’s injuries) however, that he was struck on his left side and fell on his right side, strongly suggesting that he was crossing from west to east, as he testified. The jury) to the surprise of the trial court, rendered a ten to two verdict in favor of the defendant.
Plaintiff had the right of way and defendant’s failure to see him under the conditions existing indicates negligence so clearly that we think the verdict was against the weight of the evidence. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.
Cohn, Callahan, Peek and Van Voorhis, JJ., concur.
*889 Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.